UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

|  |  |  |
|---|---|---|
| UPSTATE NEW YORK ENGINEERS HEALTH FUND, by Deborah Spaulding, as Administrator; UPSTATE NEW YORK ENGINEERS PENSION FUND, by Deborah Spaulding, as Administrator; UPSTATE NEW YORK ENGINEERS S.U.B. FUND, by Deborah Spaulding, as Administrator; UPSTATE NEW YORK ENGINEERS TRAINING FUND, by Theron Hogle and Eugene Hallock, as Trustees; LOCAL 106 TRAINING AND APPRENTICESHIP FUND, by Daniel J. McGraw and Eugene Hallock, as Trustees; OPERATING ENGINEERS LOCAL 17 TRAINING FUND, by James Smolinski, as Administrative Manager; CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, by its BOARD OF TRUSTEES; INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 17, by Gary Swain, as Business Manager; UPSTATE NEW YORK OPERATING ENGINEERS, LOCAL 158, by Daniel McGraw, as Business Manager, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **COMPLAINT**<br><br>Civil Action No.<br>5:20-CV-431[GLS/ATB] |
| Plaintiffs, | ) ) |  |
| – against – | ) ) |  |
| CAMBRIA CONTRACTING INC., FRANCIS V. BARONE, JR., Individually and as an Officer of Cambria Contracting Inc. AND TRICIA L. BARONE, Individually and as an Officer of Cambria Contracting Inc., | ) ) ) ) |  |
| Defendants. | ) ) |  |

---

Plaintiffs, by their undersigned attorneys, Blitman & King LLP, complaining of the

Defendants, respectfully allege as follows:

## I.    JURISDICTION AND VENUE

1.      This is an action arising under the Employee Retirement Income Security Act of

1974 [hereinafter "ERISA"] [29 U.S.C. §§1001 et seq.].  It is an action by fiduciaries of an

employee benefit plans for monetary and injunctive relief to redress violations of ERISA

Sections 404, 406, 409 and 515 [29 U.S.C. §§ 1104, 1106, 1109 and 1145].  It is also an action

under Section 502(a)(2) for breach of fiduciary duty against employers that failed to timely remit contributions and otherwise abide by the documents that establish and maintain ERISA covered plans [29 U.S.C. §1132(a)(2)].

2.      This is also an action arising under Section 301(a) of the Labor-Management Relations Act of 1947, as amended [hereinafter "LMRA"] [29 U.S.C. §185(a)].  It is a suit for, among other things, violations of a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in the LMRA [29 U.S.C. §141 et seq.].

3.      Jurisdiction is conferred on this Court by ERISA Section 502(e)(1) [29 U.S.C. §1132(e)(1)], without respect to the amount in controversy or the citizenship of the parties, as provided in ERISA 502(f) [29 U.S.C. §1132(f)].

4.      Jurisdiction is also conferred on this Court, without respect to the amount in controversy, pursuant to LMRA Section 301(a) [29 U.S.C. §185(a)], and pursuant to federal law [28 U.S.C. §1337].

5.      Venue is established in this Court by ERISA Section 502(e)(2) [29 U.S.C. §1132(e)(2)] and LMRA Section 301(c) [29 U.S.C. §185(c)].  It is an action brought in the district where some of the plans are administered, where the breach took place, and where Defendants reside.

6.      This is an action arising under 28 U.S.C. §1367.  It is an action where all non-federal claims raised in the Complaint are so related to the federal claims as to form part of the same case or controversy within the meaning of Article III of the United States Constitution such that this Court may exercise supplemental jurisdiction over those non-federal claims.

## II.        DESCRIPTION OF THE PARTIES

7.        Plaintiff Deborah Spaulding is the Administrator of the Upstate New York Engineers Health Fund [hereinafter "Health Fund"].  The Health Fund is administered within the Northern District of New York, at 101 Intrepid Lane, P.O. Box 100-Colvin Station, Syracuse, New York 13205.  Ms. Spaulding is a fiduciary of the Health Fund as defined in Section 3(21)(A) of ERISA [29 U.S.C. §1002(21)(A)].

8.        Plaintiff Deborah Spaulding is the Administrator of the Upstate New York Engineers Pension Fund [hereinafter "Pension Fund"].  The Pension Fund is administered within the Northern District of New York, at 101 Intrepid Lane, P.O. Box 100-Colvin Station, Syracuse, New York 13205.  Ms. Spaulding is a fiduciary of the Pension Fund as defined in Section 3(21)(A) of ERISA [29 U.S.C. §1002(21)(A)].

9.        Plaintiff Deborah Spaulding is the Administrator of the Upstate New York Engineers S.U.B. Fund [hereinafter "S.U.B. Fund"].  The S.U.B. Fund is administered within the Northern District of New York, at 101 Intrepid Lane, P.O. Box 100-Colvin Station, Syracuse, New York 13205.  Ms. Spaulding is a fiduciary of the S.U.B. Fund as defined in Section 3(21)(A) of ERISA [29 U.S.C. §1002(21)(A)].

10.        Plaintiffs Theron Hogle and Eugene Hallock are Trustees of the Upstate New York Engineers Training Fund [hereinafter "Training Fund"].  The Training Fund is administered within the Northern District of New York, at 5612 Business Avenue, Cicero, New York 13039.  Mr. Hogle and Mr. Hallock are fiduciaries of the Training Fund, as defined in Section 3(21) (A) of ERISA [29 U.S.C. §1002(21)(A)].  [The Health Fund, Pension Fund, S.U.B. Fund and Training Fund

are hereinafter collectively referred to as "Upstate New York Engineers Funds"].

11.      Plaintiff Board of Trustees of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers [hereinafter "Central Pension Fund"] are fiduciaries as defined in Section 3(21) (A) of ERISA [29 U.S.C. §1002(21) (A)].  The Central Pension Fund maintains an office and principal place of business at 4115 Chesapeake Street, N.W., Washington, D.C.  20016.

12.      Plaintiffs Daniel J. McGraw and Eugene Hallock are Trustees of the Local 106 Training and Apprenticeship Fund [hereinafter "Local 106 Training Fund"].  Trustees McGraw and Hallock are fiduciaries of the Local 106 Training Fund, as defined in Section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)].  The Local 106 Training Fund maintains an office and principal place of business at 44 Hannay Lane, Glenmont, New York 12077.

13.      Plaintiff James Smolinski is the Administrator of the Operating Engineers Local 17 Training Fund [hereinafter "Local 17 Training Fund"].  The Local 17 Training Fund is administered at 2342 Pleasant Avenue, Lakeview, New York 14085.  Mr. Smolinski is a fiduciary of the Local 17 Training Fund, as defined in Section 3(21)(A) of ERISA [29 U.S.C. §1002(21)(A)] [the Upstate New York Engineers Funds, Central Pension Fund, Local 106 Training Fund, and Local 17 Training Fund are collectively referred to as "Funds" or "Plans"].

14.      Plaintiff Gary Swain is the Business Manager of the International Union of Operating Engineers, Local Union No. 17 [hereinafter "Local 17"].  Local 17 is the successor in interest to International Union of Operating Engineers, Local Union No. 463 via a merger effective May 1, 2019.  Local 17 is an unincorporated association maintaining its principal office and place of business at 5959 Versailles Road, Lakeview, New York 14085.  Local 17 is a labor

organization in an industry effecting commerce within the meaning of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. §141 et seq.].  Local 17 represents employees with respect to the terms and conditions of employment, including, but not limited to, wages, benefits and supplements and is permitted to commence this action on their behalf.

15.     Plaintiff Daniel J. McGraw is Business Manager of Upstate New York Operating Engineers, Local No. 158 [hereinafter "Local 158"].  The Local 158 is an unincorporated association maintaining its principal office and place of business at 27 Hannay Lane, Glenmont, New York 12077.   Local 158 is a labor organization in an industry effecting commerce within the meaning of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. §141 et seq.].  Local 158 represents employees with respect to the terms and conditions of employment, including, but not limited to, wages, benefits and supplements and is permitted to commence this action on their behalf [Local 17 and Local 158 are jointly referred to as "Unions"].

16.     The Funds are multi-employer plans as defined in § 3(37) of the Act [29 U.S.C. § 1002(37)] and are employee benefit plans as described in § 3(3) of the Act [29 U.S.C. § 1002(3)].

17.     Upon information and belief, Defendant Cambria Contracting Inc. [hereinafter referred to as "Defendant Corporation"] is incorporated under the laws of the State of New York, has a principal place of business and offices located at 5105 Lockport Road, Lockport, New York 14094, and, at all times relevant herein, was authorized to do and was doing business in the State of New York.

18.     Upon information and belief, Defendant Francis V. Barone, Jr. [hereinafter "Defendant F. Barone"], is an officer and shareholder of Defendant Corporation.  Upon information and belief, Defendant Barone resides at 4680 Baer Road, Ransomville, New York 14131.

19.     Upon information and belief, Defendant Tricia L. Barone, [hereinafter "Defendant T. Barone"], is an officer and shareholder of Defendant Corporation.  Upon information and belief, Defendant Barone resides at 131 Hertel Avenue, Buffalo, New York 14207.

20.     Defendants are employers in an industry affecting commerce, all as defined in ERISA Section 3(5)(11) and (12) [29 U.S.C. § 1002(5)(11) and (12)].  Defendants are also employers of employees covered by an employee benefit plan and multiemployer plan maintained pursuant to a collective bargaining agreement, all as defined in ERISA Sections 3(3) and (37) [29 U.S.C. § 1002(3) and (37)], and are obligated to make contributions to the Funds in accordance with ERISA Section 515 [29 U.S.C. § 1145].

21.     Defendants are parties in interest with respect to the Funds as defined in ERISA Section 3(14)(C), (E) and (H) [29 U.S.C. § 1002(14)(C), (E) and (H)] and act directly as employers and/or indirectly in the interests of the employers in relation to the Funds, all as defined in ERISA Section 3(5) [29 U.S.C. § 1002(5)].

22.     To the extent that Defendants exercised any authority or control with respect to the management or disposition of assets of Plaintiff Funds, they are fiduciaries within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

### III.   FIRST CAUSE OF ACTION

23.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "22" inclusive of this Complaint as if set forth fully at this point.

24.     ERISA Section 515 [29 U.S.C. § 1145] provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

25.     At all times relevant herein, Defendant Corporation was party to the following collective bargaining agreements with the Union: (1) 2008-2012 Highway/Heavy Construction Agreement and Tunnel and Shaft Construction Agreement Between Labor Relations Division Western New York Region Associated General Contractors of America New York State Chapter, Inc. and International Union of Operating Engineers Local Union No. 463 AFL-CIO Niagara Falls, New York, executed by Defendant Corporation on January 23, 2010; (2) 2012-2016 and 2016-2020 Highway/Heavy Construction Agreement and Tunnel and Shaft Construction Agreement Between Labor Relations Division Western New York Region Associated General Contractors of America New York State Chapter, Inc. and International Union of Operating Engineers Local Union No. 463 AFL-CIO Niagara Falls, New York, executed by Defendant Corporation on August 15, 2016; (3) November 2, 2009 – May 31, 2013 Agreement between Independent Building Contractors of WNY and the International Union of Operating Engineers Locals #17, 17A, 17B, 17RA, executed by Defendant Corporation on November 23, 2009; (4) June 1, 2013 – May 31, 2016 Agreement between Independent Building Contractors of WNY and the International

Union of Operating Engineers Locals #17, 17A, 17B, 17RA, executed by Defendant Corporation

on August 1, 2013; (5) June 1, 2016 – May 31, 2019 Agreement between Independent Building

Contractors of WNY and the International Union of Operating Engineers Locals #17, 17A, 17B,

17RA, executed by Defendant Corporation on October 31, 2016; (6) 2008 – 2011 Agreement

Between the Independent Heavy and Highway Contractors of WNY and the International Union

of Operating Engineers Locals #17, 17A,17B, 17C, 17RA, executed by Defendant Corporation on

November 17, 2009; (7) 2013 – 2015 Agreement between Independent Residential Contractors

and the International Union of Operating Engineers Local 17C Buffalo, New York, executed by

Defendant Corporation on July 18, 2013; (8) June 1, 2015 – February 28, 2019 Building

Agreement Between "The Associations" and Local No. 158 of the International Union of

Operating Engineers, executed by Defendant Corporation on October 14, 2015 ["2015-2019

Building CBA"]; and (9) March 1, 2019 – February 28, 2023 Building Agreement Between "The

Associations" and Local No. 158 of the International Union of Operating Engineers ["2019-2023

Building CBA"] [hereinafter all 9 collective bargaining agreements are collectively referred to as

"CBA"].

      26.     Pursuant to the CBA, the Defendant Corporation is bound by the terms and

conditions, rules and regulations of the Agreement and Declaration of Trust of the Upstate New

York Engineers Health Fund, the Agreement and Declaration of Trust of the Upstate New York

Engineers Pension Fund, the Agreement and Declaration of Trust of the Upstate New York

Engineers S.U.B. Fund, the Agreement and Declaration of Upstate New York Engineers Training

Fund, the Agreement and Declaration of Trust of the Central Pension Fund of the International

Union of Operating Engineers and Participating Employers, the Agreement and Declaration of

Trust of the Local 17 Training Fund, 106 TF, and the Upstate New York Engineers' Funds' Collections Policy [hereinafter "Trusts" and "Collections Policy"].

27.     The CBA, Trusts and Collections Policy obligate Defendant Corporation to remit contributions to the Funds.

28.     The CBA requires Defendant Corporation to pay contributions to the Funds, the Upstate New York Construction Industry Research and Service Trust Fund ["C.I.R.S.T. Fund"] , and Operating Engineers Local 17 Fund to Secure Certain Unpaid Contributions ["S.C.U.C."] Fund  for each hour worked by its employees who performed work covered by the CBA.

29.     The CBA requires the Defendant Corporation to deduct from each of its employees' wages stipulated sums for each hour worked and pay said amounts to the Unions, said amounts representing Union dues, Voluntary Political Action Fund [V.P.A.F.] monies, Defense Fund ["Defense Fund"] monies, and Political Action Fund ["P.A.F."/"P.E.F."] monies**.**

30.     The CBA, Trusts and Collections Policy obligate Defendant Corporation to file its remittance reports and remit contributions by the fifteenth (15th) day of the month following the month during which the hours were worked by its employees.

31.     Under the CBA, the Trusts, the Collections Policy and 29 U.S.C. §1132(g)(2), if the Defendant Corporation fails to timely remit contributions and deductions, it is liable for the amount of contributions and deductions plus the following:  (1) interest on the unpaid and untimely paid Upstate New York Engineers Funds contributions, at the rate of twelve percent (12%) per annum; (2) the greater of interest on the unpaid and untimely paid Upstate New York Engineers Funds contributions or liquidated damages equal to twenty percent (20%) of those delinquent contributions; (3) interest on the unpaid and untimely paid Local 17 Training Fund

contributions, at the rate prescribed by ERISA; (4) interest again on the unpaid and untimely

paid Local 17 Training Fund contributions, at the rate prescribed by ERISA; (5) interest on the

unpaid and untimely paid Central Pension Fund contributions, at the rate of nine percent (9%)

per annum; (6) the greater of interest on the unpaid and untimely paid Central Pension Fund

contributions or liquidated damages equal to fifteen percent (15%) of those delinquent

contributions; (7) interest on the unpaid and untimely paid C.I.R.S.T. Fund and S.C.U.C. Fund

contributions, at the rate of nine percent (9%) per annum; (8) liquidated damages equal to ten

percent (10%) of the unpaid and untimely paid C.I.R.S.T. Fund and S.C.U.C. Fund contributions;

(9) interest on the unpaid and untimely paid Union dues, Defense Fund monies, V.P.A.F monies,

and P.A.F./P.E.F. monies at the rate of nine percent (9%) per annum; plus (10) costs and fees of

collection and attorneys' fees.

32.    According to an audit, dated November 10 and 17, 2020, of Defendant

Corporation's records for the period January 2012 through May 31, 2017, Defendant

Corporation failed to remit $481,490.44 in contributions and deductions, consisting of

$129,951.17 in Pension Fund contributions, $158,541.91 in Health Fund contributions,

$11,833.41 in S.U.B Fund contributions, $7,679.58 in Engineers Training Fund contributions,

$10,444.07 in Local 17 Training Fund contributions, $92,264.76 in Central Pension Fund

contributions, $3,260.83 in C.I.R.S.T. Fund contributions, $324.70 in S.C.U.C. Fund contributions,

and $67,190.01 in Defense, PAF/PEF, and Dues monies to the Funds and Unions with regard to

hours of bargaining unit work, i.e., operating engineers' work, performed by its employees.

33.    Defendant Corporation has not paid the $481,490.44 in contributions and

deductions and has not paid the applicable interest, liquidated damages, costs and fees of

collection and attorneys' fees.

34.     Defendant Corporation, therefore, owes $481,490.44 in contributions and
deductions to Plaintiffs, plus the following:  (1) interest from February 15, 2012 on the
$308,006.07 in unpaid Upstate New York Engineers Funds contributions, at the rate of twelve
percent (12%) per annum; plus (2) the greater of interest on the $308,006.07 Upstate New York
Engineers Funds contributions or liquidated damages equal to twenty percent (20%) of those
contributions; plus (3) interest from February 15, 2012 on the $10,444.07 in unpaid Local 17
Training Fund contributions, at the rate prescribed by ERISA; plus (4) interest again from
February 15, 2012 on the $10,444.07 in unpaid Local 17 Training Fund contributions, at the rate
prescribed by ERISA, representing liquidated damages; plus (5) interest from February 15, 2012
on the $92,264.76 in unpaid Central Pension Fund contributions, at the rate of nine percent
(9%) per annum; plus (6) the greater of interest on the $92,264.76 in unpaid Central Pension
Fund contributions or liquidated damages equal to fifteen percent (15%) of those delinquent
contributions; plus (7) interest from February 15, 2012 on the $3,260.83 in unpaid C.I.R.S.T.
contributions, at the rate of nine percent (9%) per annum; plus (8) liquidated damages equal to
ten percent (10%) of the $3,260.83 in delinquent C.I.R.S.T. Fund contributions; plus (9) interest
from February 15, 2012 on the $324.70 in unpaid S.C.U.C. Fund contributions, at the rate of
nine percent (9%) per annum; plus (10) liquidated damages equal to ten percent (10%) of the
$324.70 in unpaid S.C.U.C. contributions; plus (11) interest from February 15, 2012 on the
$67,190.01 in unpaid dues deductions, S.C.U.C., V.P.A.F monies, P.A.F./P.E.F. and Defense Fund
monies, at the rate of nine percent (9%) per annum; plus (12) costs and fees of collection and
attorneys' fees.

## IV.      SECOND CAUSE OF ACTION

35.      Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "34" inclusive of this Complaint as if set forth fully at this point.

36.      At all times hereinafter mentioned, Defendant Corporation is obligated to remit contributions and deductions to the Plaintiffs in accordance with the CBA, Trusts and Collections Policy.

37.      Defendant Corporation is contractually liable under the CBA, Trusts and Collections Policy to timely report on a monthly basis the number of hours worked by all of its employees performing bargaining unit work, i.e., operating engineers' work.

38.      The CBA, Trusts, the Collections Policy and ERISA obligate Defendant Corporation to permit the Plaintiffs, on demand, to check, examine and audit its books and records, papers and reports as may be necessary to permit the Plaintiffs to determine whether Defendant Corporation accurately reported the number of hours of bargaining unit work performed by its employees and to determine the amount of contributions due and owing to Plaintiffs, including, but not limited to, its payroll records, timecards, accounts payable records, general ledgers, cash disbursements journal, hours reports, payroll tax reports, and any other records relating to hours worked by all employees, including union, non-union, bargaining unit and non-bargaining unit employees, subcontractors, and independent contractors of Defendant Corporation.

39.      Defendant Corporation is contractually liable under the CBA, Trusts and Collections Policy to pay the costs and expenses of the audit, all auditing fees, and any and all attorneys' and paralegal fees and costs incurred by the Plaintiffs in obtaining the audit.

40.      Defendant Corporation is statutorily obligated to maintain accurate and

complete books and records for the number of hours of bargaining unit work, i.e., operating engineers work, performed by all of its employees and subcontractors.

41.      Defendant Corporation has not produced its books and records for a payroll audit for the period subsequent to May 31, 2017.

42.      Because Defendants have not produced records for audit, Plaintiffs cannot determine whether Defendant Corporation has accurately reported the number of hours of bargaining unit work performed by its employees and cannot determine the amount of contributions due and owing to Plaintiffs and, therefore, participants and beneficiaries of the Funds may be deprived of proper benefits and credits.

43.      Defendant Corporation must be ordered to produce its books and records for the period June 1, 2017 to date for Plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' and paralegal fees and costs incurred in obtaining that audit.

44.      In the event it is discovered that Defendant Corporation has not properly submitted accurate reports to the Plaintiffs and has not properly paid the appropriate monies to the Plaintiffs, the Court must enter a judgment for any and all contributions and deductions that are determined to be due for the period June 1, 2017 through the date of disposition of this action, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' and paralegal fees, all at the rates set forth in Complaint paragraph No. 31.

## V.      THIRD CAUSE OF ACTION

45.      Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "44" inclusive of this Complaint, as if fully set forth at this point.

46.      Under the Plaintiff Upstate New York Engineers Funds' Collections Policy, if Defendants do not produce complete and accurate records for review and audit by Plaintiff Upstate New York Engineers Funds, the Plaintiff Upstate New York Engineers Funds are entitled to implement a formula audit that allows them to presume that Defendant Corporation's employees performed a minimum of forty (40) hours per week of bargaining unit work for fifty-two (52) weeks during the calendar year and that Defendant Corporation owes contributions at the hourly rate for Class A Mechanics as set forth in the CBA.

47.      If Defendant Corporation does not produce accurate and complete books and records of the number of hours of bargaining unit work performed by its employees on and after May 31, 2017, the Plaintiff Upstate New York Engineers Funds are entitled to implement their formula audit and the Court must enter judgment for any and all contributions that are determined to be due pursuant to that formula, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorney and paralegal fees, all at the rates set forth in the Complaint paragraph No. 31.

48.      Based on the number of employees reported by Defendant Corporation to Plaintiff Upstate New York Engineers Funds for each month on and after May 31, 2017, if Defendant Corporation does not produce accurate and complete books and records of the number of hours of bargaining unit work performed by its employees on and after May 31, 2017, Defendant Corporation is liable under the formula audit for $2,394,558.65 in

contributions owed to the Plaintiff Upstate New York Engineers  Funds.

49.     If Defendant Corporation does not produce accurate and complete books and records of the number of hours of bargaining unit work performed by its employees on and after May 31, 2017, the Court must enter judgment in favor of Upstate New York Engineers Funds for $2,394,558.65 for the period June 1, 2017 through March 31, 2020, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorney and paralegal fees, all at the rates set forth in the Complaint paragraph No. 31.

## VI.      FOURTH CAUSE OF ACTION

50.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "49" inclusive of this Complaint, as if fully set forth at this point.

51.     ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses"  [29 U.S.C. §1104(a)(1)(A)].

52.     ERISA Section 404(a) also provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law [29 U.S.C. §1104(a)(1)(D)].

53.     Absent an exemption, ERISA Section 406, 29 U.S.C. §1106, makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit and to deal with plan assets for their personal account.

54.     New York Lien Law Article 3-A provides that construction contractors and their

officers, shareholders, directors, managers and agents must use monies earned for work at a construction project to pay the cost of, among other things, the employees' wages and benefits.

55.     Effective September 17, 2003, the Agreements and Declarations of Trust for the Upstate New York Engineers Funds provide that: "[t]itle to all monies paid into and/or due and owing to [Plaintiff Plans is] vested in and remain[s] exclusively in the Trustees of the [Plaintiff Plans]; outstanding and withheld contributions constitute plan assets."

56.     Since at least February 1, 1986, Section 4.2 of the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers has provided that: "[t]he Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same."

57.     The 2015-2019 Building CBA and 2019-2023 Building CBA provide that "unpaid, outstanding and withheld contributions constitute plan assets".

58.     Upon information and belief, during the period January 1, 2012 to date and in connection with various construction projects, Defendant Corporation employed individuals or subcontractors covered by the CBA who performed work on certain construction projects for the benefit of the projects and Defendants.

59.     Upon information and belief, as a result of the work performed by employees or subcontractors of Defendants, Defendants received sums of money related to construction projects intended to pay, among other things, the wages and benefits of the persons furnishing and supplying the labor.

60.     Defendants F. Barone and T. Barone are fiduciaries of the monies so received and the monies so received and held by them constitute assets of the Plaintiff Funds to be utilized for the benefit of the Plaintiff Funds.

61.     Defendants F. Barone and T. Barone are precluded from retaining assets of the Plaintiff Fund to use for the benefit of Defendant Corporation or themselves.

62.  Defendants F. Barone and T. Barone, upon information and belief, had managerial discretion and control over Defendant Corporation and made decisions on behalf of the Defendant Corporation.

63.     Defendants F. Barone and T. Barone, upon information and belief, determined which creditors the Defendant Corporation would pay, determined when the Plaintiff Funds would be paid, determined how much money would be paid to the Plaintiff Funds, exercised control over money due and owing to the Plaintiff Funds, determined which employees of the Defendant Corporation would be reported to the Plaintiff Funds, and determined the number of hours upon which contributions would be reported as owing to the Plaintiff Funds, i.e., the Plaintiff Funds' assets, and, therefore, they are fiduciaries.

64.     To the extent that Defendants F. Barone and T. Barone transferred, applied or diverted, or permitted the transfer, application, use, or diversion of, the Plaintiff Funds' trust assets to purposes other than purposes of the Plaintiff Funds without first making payment to Plaintiff Funds, Defendants F. Barone and T. Barone acted contrary to their fiduciary obligations and they are guilty of breaching their fiduciary duties under ERISA, 29 U.S.C. §§1104, 1106 and 1109, and the New York Lien Law.

65.     To the extent that Defendants F. Barone and T. Barone used, or permitted the

use of, the Plaintiff Funds' assets to pay other creditors of the Defendant Corporation rather than forwarding the assets to the Plaintiff Funds, they are guilty of breaching their fiduciary duties.

66.     To the extent the transfer of the assets to persons other than the Plaintiff Funds occurred, and/or the use of the assets for purposes other than those permitted by the Plaintiff Funds occurred, upon information and belief, with the knowledge and/or at the direction of Defendants F. Barone and T. Barone, they have breached their fiduciary duties.

67.     To the extent that Defendants F. Barone and T. Barone used the Plaintiff Funds' assets for purposes other than the interests of the Plaintiff Funds and their participants and beneficiaries, they are in violation of §§1104, 1106, and 1109 of ERISA, and the New York Lien Law.

68.     To the extent that Defendants F. Barone and T. Barone have withheld contributions from the Plaintiff Funds and/or untimely paid contributions to the Plaintiff Funds, they have not acted solely in the interests of the participants and beneficiaries and they have acted contrary to the Plaintiff Funds' documents and, therefore, they are individually and personally liable for the violations of ERISA Sections 404 and 406 described herein [29 U.S.C. §§1104 and 1106].

69.     To the extent that the audit and/or remittance reports show that Defendant Corporation has not paid contributions to the Plaintiff Funds, Defendants F. Barone and T. Barone have breached their fiduciary duties and they are liable to Plaintiff Funds for the following:

A.     The $308,006.07 owed to the Upstate New York Engineers Funds, as set forth at paragraph No. 32 of the Complaint

herein plus interest thereon at the consolidated rate of
return on Plaintiff Upstate New York Engineers Funds
investments, plus costs and expenses of collection, audit
fees and attorneys and paralegal fees; and

B.     Any monies discovered to be due to the Upstate New York
Engineers Funds, Local 17 Training Fund, and Central
Pension Fund as uncovered by the audit sought at
paragraph Nos. 43 and 44 of the Complaint herein plus
interest thereon at the consolidated rate of return on
Plaintiff Upstate New York Engineers Funds', Local 17
Training Fund's and Central Pension Fund's investments,
plus costs and expenses of collection, audit fees and
attorneys and paralegal fees; and

C.     Any monies determined to be due to the Upstate New York
Engineers Funds pursuant to the formula audit and
paragraph Nos. 45 through 49 of the Complaint herein plus
interest thereon at the consolidated rate of return on
Plaintiff Upstate New York Engineers Funds' investments,
plus costs and expenses of collection, audit fees and
attorneys and paralegal fees; and

D.     To restore to the Plans any profits that Defendants made
through use and retention of the assets of the Plaintiff
Funds.

## VII.  FIFTH CAUSE OF ACTION

70.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs

"1" through "69" of this Complaint as if fully set forth herein.

71.     Absent an exemption, ERISA Section 406(a) makes it unlawful for fiduciaries to

permit ERISA covered plans to engage in certain transactions with parties in interest, including

transactions that exchange property or extend credit [29 U.S.C. §1106(a)(1)(A) and (B)].  Absent

an exemption, ERISA Section 406(b) makes it unlawful for fiduciaries to deal with plan assets for

their personal account [29 U.S.C. §1106(b)(1)-(3)].

72.     Section 406(a) of the Act [29 U.S.C. §1106(a)] provides that the following is a prohibited transaction:

(A)     sale or exchange, or leasing, of any property between the plan and a party in interest;

(B)     lending of money or other extension of credit between the plan and a party in interest;

. . .

(D)     transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan; or . . .

73.     At all times relevant herein, Defendants F. Barone and T. Barone were parties in interest with respect to the Plaintiffs' Plans because they were fiduciaries, employers, or owners within the meaning of ERISA Section 3(14)(A), (C), (E) and (H) [29 U.S.C. §1002(14)(A), (C), (E) and (H)].

74.     Effective September 17, 2003, the Agreements and Declarations of Trust for the Upstate New York Engineers Funds provide that: "[t]itle to all monies paid into and/or due and owing to [Plaintiff Plans is] vested in and remain[s] exclusively in the Trustees of the [Plaintiff Plans]; outstanding and withheld contributions constitute plan assets."

75.     Since at least February 1, 1986, Section 4.2 of the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers has provided that: "[t]he Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same."

76.     The 2015-2019 Building CBA and 2019-2023 Building CBA provide that "unpaid, outstanding and withheld contributions constitute plan assets".

77.     At all times hereinafter mentioned, Defendant Corporation was obligated to timely remit contributions to the Plaintiff Funds as required by the CBA, Trusts and Collections Policy.

78.     To the extent that Defendants F. Barone and T. Barone have withheld contributions from the Plaintiff Funds, Defendants F. Barone and T. Barone have received and retained from the Plaintiff Funds for their and/or Defendant Corporation's own use and benefit, monies which are rightfully assets of the Plaintiff Funds.

79.     To the extent that Defendants F. Barone and T. Barone have withheld, received and retained the contributions, Defendants F. Barone and T. Barone, as parties in interest, impermissibly used the assets of the Plaintiff Funds in contravention of §406 of the Act, the interests of the Plaintiff Funds and the interests of the Plaintiff Funds' fiduciaries, participants and beneficiaries.

80.     Upon information and belief, Defendants F. Barone and T. Barone have not properly paid the appropriate monies to the Plaintiffs and, therefore, they have damaged Plaintiffs.

81.     To the extent that the audit shows that Defendants have not paid contributions to Plaintiff Funds, Defendants F. Barone and T. Barone have damaged the Plaintiff Funds and are liable to Plaintiff Funds for the following:

> A.     The $308,006.07 owed to the Upstate New York Engineers Funds, as set forth at paragraph No. 32 of the Complaint herein plus interest thereon at the consolidated rate of return on Plaintiff Upstate New York Engineers Funds investments, plus costs and expenses of collection, audit fees and attorneys and paralegal fees; and

B.     Any monies discovered to be due to the Upstate New York Engineers Funds, Local 17 Training Fund, and Central Pension Fund as uncovered by the audit sought at paragraph Nos. 43 and 44 of the Complaint herein plus interest thereon at the consolidated rate of return on Plaintiff Upstate New York Engineers Funds', Local 17 Training Fund's and Central Pension Fund's investments, plus costs and expenses of collection, audit fees and attorneys and paralegal fees; and

C.     Any monies determined to be due to the Upstate New York Engineers Funds pursuant to the formula audit and paragraph Nos. 45 through 49 of the Complaint herein plus interest thereon at the consolidated rate of return on Plaintiff Upstate New York Engineers Funds' investments, plus costs and expenses of collection, audit fees and attorneys and paralegal fees; and

D.     To restore to the Plans any profits that Defendants made through use and retention of the assets of the Plaintiff Funds.

## VIII.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

1.     On Plaintiffs' First Cause of Action, judgment against Defendant Corporation for owes $481,490.44 in contributions and deductions to Plaintiffs, plus the following:  (1) interest from February 15, 2012 on the $308,006.07 in unpaid Upstate New York Engineers Funds contributions, at the rate of twelve percent (12%) per annum; plus (2) the greater of interest on the $308,006.07 Upstate New York Engineers Funds contributions or liquidated damages equal to twenty percent (20%) of those contributions; plus (3) interest from February 15, 2012 on the $10,444.07 in unpaid Local 17 Training Fund contributions, at the rate prescribed by ERISA; plus (4) interest again from February 15, 2012 on the $10,444.07 in unpaid Local 17 Training Fund contributions, at the rate prescribed by ERISA, representing liquidated

damages; plus (5) interest from February 15, 2012 on the $92,264.76 in unpaid Central Pension

Fund contributions, at the rate of nine percent (9%) per annum; plus (6) the greater of interest

on the $92,264.76 in unpaid Central Pension Fund contributions or liquidated damages equal to

fifteen percent (15%) of those delinquent contributions; plus (7) interest from February 15,

2012 on the $3,260.83 in unpaid C.I.R.S.T. contributions, at the rate of nine percent (9%) per

annum; plus (8) the greater of interest on the $3,260.83 in unpaid C.I.R.S.T. Fund contributions

or liquidated damages equal to ten percent (10%) of those delinquent contributions; plus (9)

interest from February 15, 2012 on the $324.70 in unpaid S.C.U.C. Fund contributions, at the

rate of nine percent (9%) per annum; plus (10) liquidated damages equal to ten percent (10%)

of the $324.70 in unpaid S.C.U.C. contributions; plus (11) interest from February 15, 2012 on

the $67,190.01 in unpaid dues deductions, S.C.U.C., V.P.A.F monies, P.A.F./P.E.F. and Defense

Fund monies, at the rate of nine percent (9%) per annum; plus (12) costs and fees of collection

and attorneys' fees.

      2.      On Plaintiffs' Second Cause of Action, judgment against the Defendant

Corporation:

        (A)      Requiring it to produce its books and records for
Plaintiffs' review and audit for the period June 1, 2017
to date, to pay the cost and expense of such audit, to
pay all auditing fees, and to pay all attorneys and
paralegal fees and costs incurred in obtaining that audit;
and

        (B)      Judgment for any and all additional contributions and
deductions that become due following commencement
of the action or are determined to be due whether
arising before or after commencement of the action,
plus the applicable interest thereon, liquidated
damages, costs and expenses of collection, audit fees
and attorneys and paralegal fees, all at the rates set

forth in Complaint paragraph No. 31.

3.      On Plaintiffs' Third Cause of Action, judgment against the Defendant

Corporation:

(A)     For $2,394,558.65 in contributions to the Plaintiff
        Upstate New York Engineers Funds for the period June
        1, 2017 through March 31, 2020 that are due pursuant
        to the formula audit, plus the applicable interest
        thereon, liquidated damages, costs and expenses of
        collection, audit fees and attorneys' and paralegal fees,
        all at the rates set forth in Complaint paragraph No. 31.

4.      On Plaintiffs' Fourth and Fifth Causes of Action, judgment against Defendants

Francis V. Barone, Jr. and Tricia L. Barone as follows:

(A)     The $308,006.07 owed to the Upstate New York
        Engineers Funds as set forth at paragraph No. 32 of the
        Complaint herein plus interest thereon at the
        consolidated rate of return on Plaintiff Upstate New York
        Engineers Funds' investments, plus costs and expenses of
        collection, audit fees and attorneys and paralegal fees;
        and

(B)     Any monies discovered to be due to the Upstate New
        York Engineers Funds, Local 17 Training Fund, and Central
        Pension Fund as uncovered by the audit sought at
        paragraph Nos. 41 and 42 of the Complaint herein plus
        interest thereon at the consolidated rate of return on
        Plaintiff Upstate New York Engineers Funds', Local 17
        Training Fund's and Central Pension Fund's investments,
        plus costs and expenses of collection, audit fees and
        attorneys and paralegal fees; and

(C)     Any monies determined to be due to the Upstate New
        York Engineers Funds pursuant to the formula audit and
        paragraph Nos. 45 through 49 of the Complaint herein
        plus interest thereon at the consolidated rate of return on
        Plaintiff Upstate New York Engineers Funds' investments,
        plus costs and expenses of collection, audit fees and
        attorneys and paralegal fees; and

(D) To restore to the Plans any profits that Defendants made through use and retention of the assets of the Plans.

DATED: April 13, 2020

BLITMAN & KING LLP

By: _____

Jennifer A. Clark, Esq.
Bar Roll No. 101356
Attorneys for Plaintiffs
Office and Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-1415
Telephone: (315) 422-7111
Facsimile: (315) 471-2623
Email: jaclark@bklawyers.com