UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UPSTATE NEW YORK ENGINEERS HEALTH FUND, by Deborah Spaulding, as Administrator; UPSTATE NEW YORK ENGINEERS PENSION FUND, by Deborah Spaulding, as Administrator; UPSTATE NEW YORK ENGINEERS S.U.B. FUND, by Deborah Spaulding, as Administrator; UPSTATE NEW YORK ENGINEERS TRAINING FUND, by Theron Hogle and Eugene Hallock, as Trustees; LOCAL 106 TRAINING AND APPRENTICESHIP FUND, by Daniel J. McGraw and James Logan, as Trustees; I.U.O.E. LOCAL 158 TRAINING FUND, by Theron Hogle and James Logan, as Trustees; OPERATING ENGINEERS LOCAL 17 TRAINING FUND, by James Smolinski, as Administrative Manager; CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, by its BOARD OF TRUSTEES; INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 17, by Gary Swain, as Business Manager; UPSTATE NEW YORK OPERATING ENGINEERS LOCAL 158, by Michael Lyons, as Business Manager,

5:20-cv-00431 (BKS/TWD)

                                      Plaintiffs,

v.

CAMBRIA CONTRACTING, INC., FRANCIS V. BARONE, JR., Individually and as an Officer of Cambria Contracting, Inc., and TRICIA L. BARONE, Individually and as an Officer of Cambria Contracting, Inc.,

                                      Defendants.

---

**Appearances:**

*For Plaintiffs:*
Jennifer A. Clark
Blitman & King LLP
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204

*For Defendants:*
Aaron W. Knights
Jacob J. Honan
Rupp Pfalzgraf LLC
1600 Liberty Building
424 Main Street
Buffalo, New York 14202

Gerald Dandeneau
425 Broadhollow Road, Suite 114
Melville, New York 11747

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

In a hearing on August 6, 2025, the Court granted Plaintiffs' motion for summary judgment with respect to Defendants' ninth, tenth, eleventh, twelfth, and thirteenth affirmative defenses, on the grounds that Defendants waived these defenses by failing to submit any briefing on these defenses in response to Plaintiffs' motion. (Dkt No. 149, at 3). Presently before the Court is Defendants' motion for reconsideration of that decision. (Dkt. No. 153). Plaintiffs oppose the motion. (Dkt. No. 154). For the following reasons, Defendants' motion is denied.

**II.    BACKGROUND**

Plaintiffs filed this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), seeking to recover unpaid contributions and deductions and for an order directing Defendant Cambria Contracting, Inc. to produce its books and records for a payroll audit. (Dkt. No. 56, at 22–25). On July 25, 2024, Plaintiffs filed a motion for summary judgment seeking "entry of judgment in favor of Plaintiffs" and against all Defendants in specific monetary amounts, an order directing Defendant Cambria Contracting, Inc. to produce its records for a payroll audit, and for the Court to retain jurisdiction of this action until the payroll

2

audit is completed so that it can rule on Plaintiffs' additional motion for judgment based on the results of that audit. (Dkt. No. 89, at 2).

In their memorandum of law in support of their motion, Plaintiffs argued that Defendants' ninth through thirteenth affirmative defenses should be dismissed on the grounds that "Defendants have failed to assert proper defenses to this action, Defendants have failed to exhaust administrative remedies, Defendants have failed to meet their burden of proof, and Defendants' defenses are preempted by ERISA, LMRA, and the National Labor Relations Act." (Dkt. No. 89-53, at 24). Plaintiffs' legal analysis in support of dismissing these affirmative defenses comprised approximately one-third of their memorandum of law. (*See* Dkt. No. 89-53, at 24–34). Defendants did not respond to Plaintiffs' argument regarding the affirmative defenses. (*See generally* Dkt. No. 131-26; Dkt. No. 141-2). In their opposition to the motion for summary judgment, Defendants raised a new argument, asserting that there were genuine issues of material fact regarding whether Defendant "Cambria performed 'covered work' as defined by the applicable [Collective Bargaining Agreements]". (Dkt. No. 131-26, at 5). The Court ordered further briefing on that issue. (Dkt. No. 145).

### III.  STANDARD OF REVIEW

In general, a motion for reconsideration may be granted only upon one of three grounds: (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007). "In the context of a motion for reconsideration, manifest injustice is defined as an error committed by the trial court that is direct, obvious, and observable." *Dejesus v. Malloy*, 582 F. Supp. 3d 82, 85 (W.D.N.Y. 2022) (quoting *Corpac v. Rubin & Rothman*, 10 F. Supp. 3d

3

349, 354 (E.D.N.Y. 2013) (citation modified). Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Gun Hill Rd. Serv. Station*, 2013 WL 1804493, at *1, 2013 U.S. Dist. LEXIS 63207, at *3 (citing *Shrader*, 70 F.3d at 257). "The standard for reconsideration is strict and is committed to the discretion of the court." *SEC v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010), *aff'd sub nom. Smith v. SEC*, 432 F. App'x 10 (2d Cir. 2011); *see also New York v. Parenteau*, 382 F. App'x 49, 50 (2d Cir. 2010) ("A motion for reconsideration is generally not favored and is properly granted only upon a showing of exceptional circumstances." (internal quotation marks and citation omitted)).

**IV.     DISCUSSION**

In its oral ruling, the Court cited to *Summit Health, Inc. v. APS Healthcare Bethesda, Inc.*, 993 F. Supp. 2d 379, 397 (S.D.N.Y. 2014) *aff'd sub nom. APEX Employee Wellness Services, Inc. v. APS Healthcare Bethesda, Inc.*, 725 F. App'x 4 (2d Cir. 2018) and *Crotona 1967 Corp. v. Vidu Bros., Corp.*, 925 F. Supp. 2d 298, 308 n.11 (E.D.N.Y. 2013) to support the proposition that "a party waives affirmative defenses when they fail to present arguments supporting those affirmative defenses in opposition to a motion for summary judgment." (Dkt. No. 149, at 3). Defendants now seek reconsideration, arguing that "Plaintiffs failed to properly notice their request that Defendants' affirmative defenses be dismissed" pursuant to L.R.7.1(b)(5) and Fed. R. Civ. P. 7(b)(1). (Dkt. No. 153-5, at 6). In the alternative, Defendants claim that "Plaintiffs[] lack[ed] . . . evidentiary support regarding dismissal of the affirmative defenses," and "Defendants submitted sworn testimony and admissible evidence bearing on these affirmative defenses . . . ." (*Id.* at 8). Plaintiffs contend that "Defendants have not sustained their

4

burden [on a motion for reconsideration] of showing 'manifest injustice' . . . ." (Dkt. No. 154-1, at 13).

Defendants have not shown that the Court's dismissal of their ninth through thirteenth affirmative defenses constitutes a clear error of law or that reconsideration is needed to prevent manifest injustice. Defendants argue that the Court must reconsider its order "to prevent manifest injustice" based on "the absence of proper notice in Plaintiffs' motion papers." (Dkt. No. 153-1, ¶ 10). Defendants cite to L.R. 7.1(b)(5), arguing that Plaintiffs failed to identify "the relief demanded" (*i.e.,* dismissal of Defendants' ninth through thirteenth affirmative defenses) in Plaintiffs' notice of their motion for summary judgment. (Dkt. No. 153-5, at 6). This is, however, without merit. The relief Plaintiffs requested in the notice of their motion— "entry of judgment in favor of Plaintiffs," (Dkt. No. 89, at 2)—encompasses dismissal of Defendants' affirmative defenses. If any of Defendants' affirmative defenses were viable, Plaintiffs would not be entitled to an entry of judgment.  Plaintiffs asked for summary judgment in their notice of motion for summary judgment, (*see* Dkt. No. 89, at 2), and the accompanying memorandum of law, (*see* Dkt. No. 89-53, at 24), and provided legal analysis supporting that relief in the memorandum of law. (*Id.* at 24–34).[1]

Case law supports the dismissal of claims or affirmative defenses where a party failed to respond to summary judgment challenges to those claims or defenses. *See, e.g.*, *Jackson v.*

---

[1] Defendants cite to *Dong Hui Chen v. Thai Greenleaf Restaurant Corp.*, No. 21-cv-01382, 2025 WL 1519145, 2025 U.S. Dist. LEXIS 101199 (E.D.N.Y. May 28, 2025) and *Shi Ming Chen v. Hunan Manor Enterprises*, No. 17-cv-802, 2021 WL 2282642, 2021 U.S. Dist. LEXIS 105396  (S.D.N.Y. June 4, 2021), *report and recommendation adopted sub nom. Shi Ming Chen v. A Taste of Mao, Inc.*, No. 17-cv-802, 2021 WL 3727093 (S.D.N.Y. Aug. 20, 2021) in support of their argument. (Dkt. No. 153-5, at 6). However, unlike Plaintiffs, the parties in these cases requested relief that was wholly different in kind than the relief they requested in the notice of their respective motions. *See Dong Hui Chen*, 2025 WL 1519145, at *10, 2025 U.S. Dist. LEXIS 101199, at *27–28 (seeking monetary sanctions when the relief stated in the plaintiffs' notice of motion included only the preclusion of documents and an adverse jury instruction; *Shi Ming Chen*, 2021 WL 2282642, at *9, 2021 U.S. Dist. LEXIS 105396, at *23–25 (seeking decertification of a conditional class, to dismiss claims, and vacate jurisdiction when the relief stated in the defendants' notice of motion sought only to dismiss certain plaintiffs).

*Federal Exp.*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition [to a motion for summary judgment] that relevant claims or defenses that are not defended have been abandoned."); *Wilmington Tr., Nat'l Ass'n v. Winta Asset Mgmt. LLC*, No. 20-cv-5309, 2022 WL 2657166, at *7, 2022 U.S. Dist. LEXIS 120984, at *17–18 (S.D.N.Y. July 8, 2022) (holding that the defendants waived their affirmative defenses because they did not raise them in opposition to the plaintiff's motion for summary judgment); *Capitol Recs., LLC v. ReDigi Inc.*, No. 12-cv-95, 2015 WL 5076457, at *4–6, 2015 U.S. Dist. LEXIS 113790, at *10–15 (S.D.N.Y. Aug. 27, 2015) (same); *Banyan v. Sikorski*, No. 17-cv-4942, 2021 WL 2156226, at *2–4, 2021 U.S. Dist. LEXIS 100567, at *3–10 (S.D.N.Y. May 27, 2021) (denying the plaintiff's motion for reconsideration of the court's prior order granting summary judgment on the plaintiff's claims in favor of the defendants, stating that the plaintiff's "failure to respond to arguments set forth in a moving party's brief is an adequate ground for a Court to deem them abandoned"); *Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) (dismissing the plaintiff's claims on summary judgment, finding that the plaintiff abandoned those claims by failing to respond to the defendants' arguments challenging them, and stating that "[f]ederal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way"). There was no clear error of law. *See Zhu*, 41 F. Supp. 3d at 342.

Nor have Defendants met their burden to show that reconsideration is warranted to prevent manifest injustice. *See Zhu*, 41 F. Supp. 3d at 342. Defendants have not, to this day, provided any explanation for their failure to respond to Plaintiffs' legal analysis supporting dismissal of the affirmative defenses. Defendants cite to a few sentences from affidavits that were submitted in support of their opposition to the motion for summary judgment, (Dkt. No.

153-5, at 8–9), but have never provided any legal analysis which would indicate that there is an issue of fact with respect to any of their affirmative defenses. (*See generally* Dkt. No. 131-26; Dkt. No. 141-2). And Plaintiffs have again explained, in their opposition to the motion for reconsideration, why these affirmative defenses should be dismissed. (Dkt. No. 154, at 6–8). The Court finds no basis for reconsideration.

V.   **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Defendants' motion for reconsideration (Dkt. No. 153) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 16, 2025
Syracuse, New York

*/s/ Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge